IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


NATIONWIDE INSURANCE COMPANY                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO.  2:05CV2040KS-MTP

EDGAR PATTON                                                              DEFENDANT


### ORDER GRANTING *IN LIMINE* MOTION

This cause is before the court on the filing by plaintiff Nationwide Insurance Company ("Nationwide") of an *in limine* motion on December 4, 2006, seeking to preclude defendant Edgar Patton from offering at trial any evidence , whether by witnesses, documents or otherwise, not previously identified in his responses to Nationwide's discovery requests, on any matters to be determined at trial.

Nationwide propounded discovery (interrogatories and a request for production of documents) on Mr. Patton on May 11, 2006.  Mr. Patton served purported responses to discovery on June 19, 2006.  However, Mr. Patton failed to respond to most of the interrogatories, where he did respond his answers were incomplete, evasive or unresponsive to the request, and he produced no documents whatsoever.[1]  Thereafter, Nationwide made numerous requests for Mr.

---

[1] One glaring example is that when asked who he expected to call as a witness at trial, Mr. Patton objected on the ground of privilege and then said that he did not yet have any expert or other witnesses.  Similarly, when asked for copies of all documents Mr. Patton expected to offer into evidence at trial, Mr. Patton objected on various grounds, and then stated that he had no responsive documents in his possession at that time.

1

Patton to supplement his responses, but he never responded.[2] Accordingly, Nationwide then filed a motion to compel discovery on August 17, 2006. A hearing was scheduled for August 29, 2006. Mr. Patton did not show up for the hearing.[3] The unopposed motion was then granted by text order dated August 29, 2006. The court's order required Mr. Patton to provide supplemental responses to discovery on or before September 10, 2006. Mr. Patton did not supplement his responses, as ordered by the court, did not seek an extension for supplementation and never provided the court with a reason for his non-compliance. Discovery closed on September 15, 2006.

In response to the motion to compel, Mr. Patton argues that he responded to Nationwide's discovery requests "to the best of his ability," that he never received any additional requests from Nationwide, that he never received the order compelling him to supplement his responses, and that any witnesses or documents to be used at trial have been provided to Nationwide to the best of his knowledge. Nationwide points out that one of the addresses where the correspondence was sent was listed by Mr. Patton as his address in his responses to interrogatories, and the other address was provided by Mr. Patton to Nationwide via a telephone call. These addresses were used by Nationwide for months in sending pleadings and correspondence to Mr. Patton. Mr. Patton's claim that he did not receive the request for discovery supplementation and the court's

---

[2] Nationwide sent four separate letters by certified and regular mail to both of Mr. Patton's addresses on file with the court and provided to Nationwide (where it had sent correspondence and pleadings for months). In two of the letters, Nationwide enclosed Good Faith Certificates for Mr. Patton to sign and return, but he failed to do so.

[3] Nationwide provided notice of the hearing to Mr. Patton and both of his addresses, via federal express overnight delivery and regular mail.

order is simply not credible.[4]  Moreover, even if it were true, Uniform Local Rule 11.2 provides that parties have a continuing obligation to notify the clerk of changes of address.  Mr. Patton did not notify the clerk of a change in address until October 2006.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that where a party fails to obey an order to provide or permit discovery, the court "may make such orders in regard to the failure as are just," and explicitly authorizes the court to make an order "refusing to allow the disobedient party to support or oppose designated claims or defense, or prohibiting that party from introducing designated matters in evidence."  It is clear that Nationwide would be highly prejudiced if Mr. Patton were allowed to put forth evidence at trial next week not previously identified by him in discovery.  Accordingly, the court finds that Nationwide's motion is well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's *in limine* motion [**# 56**] is granted.  Defendant is precluded from offering at trial any evidence, whether by witnesses, documents or otherwise, not previously identified in his responses to Nationwide's discovery requests, on any matters to be determined at trial.

SO ORDERED and ADJUDGED on this, the 1st day of February, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[4] Indeed, the correspondence and order Mr. Patton claims to have not received were sent to the same addresses where the initial discovery requests were sent, which Mr. Patton obviously received because he responded to them.